IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY WILSON | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv266 |
| WARDEN, FCC BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Larry Wilson, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary conviction.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The respondent has filed a motion to dismiss or, in the alternative, motion for summary judgment (doc. no. 5). As the respondent has presented information outside the pleadings, the filing will be considered as a motion for summary judgment. See FED.R.CIV.P. 12(d). Petitioner has filed a response to the motion.

Factual Background

In Incident Report No. 3371857, petitioner was charged with engaging in sexual acts. The report alleged that on February 29, 2020, petitioner was in the common area next to the ice machine. He was standing off to the right side of the door way just enough so that Officer F. Ballew could see him. The report alleged petitioner had his sweat pants lowered below his crotch area, with his penis

exposed.  While staring at Officer Ballew, petitioner stroked his penis in an up and down motion. The report alleged Officer Bellow ordered petitioner to stop, get out of the room and return to his assigned cell.

The incident report was subsequently rewritten for what petitioner contends were improper reasons.  Petitioner was given a copy of the rewritten incident report on March 1.  The report was forwarded to the Unit Discipline Committee ("UDC").  The UDC held a hearing on March 4.  At the conclusion of the hearing, the UDC referred the incident report to a Discipline Hearing Officer ("DHO").

The DHO conducted a hearing on March 23.  Petition was found guilty of the offense with which he was charged. The following punishment was imposed: (a) loss of phone and commissary privileges for six months; (b) placement in disciplinary segregation for 20 days and (c) forfeiture of 27 days of previously earned good conduct time.

The DHO explained the finding of guilty as follows:

The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of the incident report, did want a staff representative, did not want to call witnesses, and had no documentary evidence to present.  The inmate understood his due process rights and was ready to proceed with the disciplinary process.

The DHO relies on the reporting official's statement: On February 29, 2020 at 4:55 AM when I officer Ballew was letting out the AM food service workers, inmate Wilson, Larry . . . went into the common area next to the ice machine.  I noticed that he was standing off to the right side of the door way just enough that only I could see him and he had his sweat pants lowered below his crotch and had his penis out.  He was staring at me, stroking his penis in an up and down motion.  I ordered him to stop, get out of the room, and go to his assigned cell.

When you appeared before the DHO, you stated "I have everything in my written statement."

The DHO is convinced that you, Wilson, Larry, . . . did commit the prohibited act of Engaging in a Sexual Act in violation of code 205.  When you appeared before the DHO, the DHO attempted to ask you several questions in order to start the hearing.  When the DHO asked you about not requesting witnesses, you stated, I wanted a witness but when I went to UDC, they told me I couldn't have them because they had no bearing on the incident.  The DHO asked you multiple times to provide her with the names of any witness along with what they would testify to and you continually denied to answer.  Since the UDC had listed you did not want any witness, and you refused to provide the DHO with any information pertaining to a witness, the DHO proceeded with the hearing.  The DHO read the report to you and asked you if you have any statement you would like to make to the DHO and you replied "why, you're going to find me guilty anyway."  The DHO noted that during your UDC hearing you requested the video be reviewed.  CCTV footage was reviewed and although there are no cameras around the ice machine areas, CCTV footage shows you walking towards the ice machine area just prior to the time of the incident.  During your DHO hearing you presented with a written statement.  As the hearing was being conducted via video monitor, the statement was given to the SHU lieutenant to forward to the DHO for review.  However, the SHU lieutenant was unable to scan the written statement and had ultimately misplaced it.  You were given the opportunity to provide the DHO with another statement and refused.  Based on the reporting official's statement of having observed you by the ice machine with your penis out, stroking in an up and down motion, along with the CCTV footage which shows you just prior to the time of the incident walking towards the ice machine area, the DHO finds there is a greater weight of evidence to support the charge as stated.  The DHO finds the staff member's statement and observations are more credible and believable than that of yours, as the staff member's observation was made strictly in the performance of their duties and has no reason to make false accusations.  The DHO finds no evidence to indicate the staff member conspired to falsely accuse you of this misconduct.  Lastly, the DHO determined that you had much to lose by accepting responsibility or being truthful in this matter, whereas the staff member is under a legal obligation to report truthful and accurate facts.  This type of behavior will not be tolerated at this facility.

<u>Grounds for Review</u>

Petitioner asserts the following grounds for review: (a) the incident report was rewritten without notice to the DHO; (b) the UDC refused to permit or document in the disciplinary record his request for witnesses before the DHO; (c) his staff representative failed to visit him in the administrative detention unit in order to assist him in his defense; (d) the DHO failed to consider his

written defense documentation prior to the finding of guilty and (e) the DHO prepared a misleading final report falsely conveying petitioner's failure to submit his written defense at the hearing.

Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 f.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. "  *Anderson*, 477 U.S. at 248; *Judwin Props., Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 425 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law. " *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247.  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Willis v. Roche*

---

[1]    This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010.  These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact."  As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

*Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1885); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. *Rubenstein v. Administrators of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

<u>Analysis</u>

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). In *Wolff*, the Supreme Court concluded that inmates are entitled to: (1) written notice of the charges at least 24 hours before the hearing; (2) a written statement of the fact-finder regarding the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence on their own behalf at the disciplinary hearing. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no

evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question for the court is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 874, 877 (5th Cir. 2001). "Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted).

*Rewriting of Incident Report*

Initially, petitioner complains that the incident report was improperly rewritten. He states that when he reported to the lieutenant's office on February 29, he told Lieutenant Reyes the charging officer was lying. Petitioner asserts Lieutenant Reyes did not wish to discuss the matter and considered him guilty because of his past disciplinary record.

Petitioner states that as a result of an investigation conducted by Lieutenant Reyes, the incident report was rewritten. Petitioner believes the incident report was rewritten in order to address flaws in the original report that plaintiff had pointed out to Lieutenant Reyes. Petitioner states Lieutenant Reyes encouraged the charging officer to rewrite the incident report.

Petitioner asserts that as a result of the incident report being rewritten, he was deprived of a meaningful opportunity to rely on inmates he wanted to call as witnesses. He stated that as the

rewritten report stated he was standing where only the charging officer could see him, the UDC found that any witnesses petitioner might request would be irrelevant. He also states that if the report had not been rewritten, he would have been able to use CCTV footage to show that statements made by the charging officer in the original report were false. He contends the CCTV footage would have shown he approached the charging officer at the ironing board, where he explained his presence in the out of bounds area, and then returned to the television viewing room.

Petitioner puts great emphasis on the incident report being rewritten. The respondent does not appear to contest that the report was rewritten. However, petitioner cites no authority for the proposition that being convicted based on a rewritten incident report violates his right to due process.

As stated above, petitioner had the right to at least 24 hours notice of the charge against him. Petitioner states Lieutenant Lemons provided him with a copy of the rewritten report on March 1. The disciplinary hearing was not held until March 23. Petitioner therefore had more than 24 hours notice of the incident report he had to defend against. Further, petitioner does not dispute that the DHO had a copy of the rewritten report before her while conducting the hearing.

Petitioner received notice of the charge against him more than 24 hours prior to the hearing. His right to due process was not violated by the incident report being. This ground for review is therefore without merit.

*Improper Actions by UDC*

Petitioner states the UDC chairman did not believe the incident report had been rewritten. As a result, as explained above, the chairman refused to permit him to call witness. The chairman believed the witnesses would be irrelevant because the rewritten report stated only the charging

officer could see petitioner.  Petitioner also faults the chairman for failing to write down the names of the witnesses identified by petitioner.

While an inmate has a due process right to be able to call witnesses at a disciplinary hearing, petitioner cites no support for the proposition that he had a similar right at the UDC hearing. Petitioner was asked at his disciplinary hearing whether he had any witnesses.  He refused to provide the names of any witnesses.  As petitioner does not have a due process right to call witnesses at a UDC hearing, this ground for review is without merit.

*Failure of Staff Representative*

Petitioner states that when he appeared before the UDC, he chose Case Manager S. Ray to be his staff representative.  Petitioner states Mr. Ray failed to visit him prior to the hearing.  He asserts that if Mr. Ray had visited him, he would have asked Mr. Ray to give the DHO background as to how vigilant he was in protecting the dorm room from entry in order to keep the unit from being shaken down.  He would also have asked Mr. Ray to review the CCTV footage to see that the charging officer made false statements.

A prison inmate has no right to retained or appointed counsel in connection with a disciplinary proceeding.  *Choyce v. Cockrell*, 51 F. App'x 483 (5th Cir. 2002) (citing *Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976)).  As a result, the assertion that his staff representative provided ineffective assistance does not provide petitioner with a basis for relief.

*Failure to Consider Written Statement*

The disciplinary hearing was conducted by video.  Petitioner states that when he arrived, he gave Mr. Ray a copy of his written objections and defense documentation, which included a copy

of the rewritten incident report.  He also asked Mr. Ray to seek a continuance so they would have time to talk and gather additional evidence.

When they entered the hearing room, Mr. Ray requested a continuance and told the DHO petitioner had a written presentation he wanted the DHO to consider.  Petitioner states the DHO became angry and stated she was not going to continue the hearing because petitioner wanted to submit last minute written material.  The DHO instructed Mr. Ray to find a lieutenant and ask him to fax the material to her.  The lieutenant came to the room with the written objections and written defense statement and did not look happy.  The lieutenant sat down at a computer and fed the material through a scanner.

While this was being done, petitioner requested a continuance.  The request was denied.  He also complained about the UDC's failure to permit him to call witnesses.  Petitioner told the DHO that the original incident report was part of the materials being faxed to her and that if she compared it to the incident report she had, she would know the report had been rewritten.  He also said that video footage would not show him standing where the charging officer's first written report said he was standing.  After the DHO asked for the name of petitioner's witnesses, he again asked for a continuance.  His request was refused.  Petitioner refused to provide the names of his witnesses, choosing to rely on his written presentation.  Petitioner watched on the video screen while the DHO reached and gathered papers from her printer and turn them over on her desk.  She then found petitioner guilty and imposed punishment.

It appears that due to technical difficulties, the DHO may not have been able to examine petitioner's written statement during the disciplinary hearing.  However, petitioner states that on March 24, the day after the hearing, his staff representative came to his cell and requested a copy

of the written statement because the DHO had not had a chance to read it. Petitioner states that because the DHO had already found him guilty, he refused to provide a copy of his written presentation.

Petitioner also states that later that same day another officer, C. Walker, came to his cell and asked for a copy of the written statement for the DHO. He states he informed Officer Walker about improper actions by his staff representative and the DHO. At this point, Officer Walker lifted his hands in a gesture of surrender and walked away.

Petitioner was given two chances on March 24 to submit a copy of his written presentation. He states he refused because the DHO had already made an oral pronouncement finding him guilty. However, the report of the DHO is dated March 25. As a result, if petitioner had provided a copy of his written statement on March 24, as requested, the DHO would have had the chance to review the statement before her decision became final with the filing of her report. As petitioner failed to provide a copy of the written statement when given the chance to do so, he prevented the DHO from having the chance to review his statement.

*DHO's Report*

Petitioner states the DHO made a material misrepresentation of facts in her written report, which undermined his administrative appeal. He states the DHO incorrectly stated petitioner refused to provide his written documentation to her. Petitioner states he followed the DHO's instructions in trying to get his written documentation to her.

As set forth above, petitioner had the right to receive a written report from the DHO explaining why he was found guilty. Such a report was provided to petitioner. The question of whether the report was accurate or not is one left to the administrative appeal process. Determining

whether the DHO's report was accurate would require a retrying of the disciplinary case. As this court is not empower to retry petitioner's disciplinary case, *Flannagan v. Tamez*, 368 F. App'x 586, 588 (5th Cir. 2010), this ground for review is without merit.

Recommendation

The respondent's motion should be granted and this petition for writ of habeas corpus denied pursuant to Federal Rule of Civil Procedure 56.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 15th day of August, 2022.

Zack Hawthorn
United States Magistrate Judge